THE BOARD OF EDUCATION OF THE TOWNSHIP OF ROXBURY, IN THE COUNTY OF MORRIS, APPELLANT, v. JAMES T. KERR, TRADING AS J. T. KERR & COMPANY, RESPONDENT.

Submitted March 24, 1919—Decided June 20, 1919.

On appeal from the Supreme Court.

For the appellant, *King & Vogt*.

For the respondent, *Benjamin W. Ellicott*.

PER CURIAM.

The suit in this case was instituted by the appellant to re-cover damages for the breach of a written contract, against the respondent, the contractor, for a failure to install a steam heating and ventilating apparatus in a school building about to be constructed. The respondent filed a counter-claim, de-manding five hundred ($500) dollars profits on the work, on account of the appellant's failure to complete its part of the work, within the time in said contract specified. The case was tried by Judge Willard W. Cutler without a jury, result-ing in a judgment for the appellant on the respondent's counter-claim, on the ground that, as the respondent did not perform his part of the contract, he could not recover profits thereon. There is no appeal from this determination of the trial court. On the appellant's claim there was a judgment in favor of the respondent, on the ground that it allowed itself to be placed in such a position that it prevented the respond-ent from fulfilling his contract by September 1st, 1916; and did not perform its part of the contract, by having the build-ing ready for the work of the respondent, within a reasonable time after that date. The respondent had a right to rescind the contract and to treat it as abandoned by the appellant. We concur with this view of the case and the result reached by trial court. The findings of fact are supported by the tes-timony. A short narrative of the facts, as found by the trial court, will clearly show the situation between the parties and the reasons for the judgment entered by the trial court against the appellant. The contract was dated March 2d, 1916. The consideration was $3,600. It provided for the in-stallation of a complete system of steam heating and ventilat-ing apparatus in the high school building to be erected at Succasunna, in Morris county, by September 1st, 1916, "provided the general construction of the building has been completed in time for proper installation and completion of heating and ventilating work on the date aforesaid."

On the same day the appellant entered into a contract with Gardner & Company for the erection and completion by Sep-

tember 1st, 1916, of the school house in which this heating and ventilating system was to be installed by the respondent.

In December the respondent inspected the building and found that it was not sufficiently progressed for him to commence his work. No foundation had been constructed on which to place the boiler. He wrote a letter to the architect, in which he said: "What are you going to do about this, and then when are you going to get this building in shape to proceed? An early reply will oblige." No reply was received to this letter.

On July 3d, 1917, respondent wrote a letter to the appellant offering to go on with the work for cost, plus ten per cent. On July 31st, 1917, a three days' notice to proceed with the work was served on the respondent, as called for under the terms of the contract. On August 2d the respondent replied: "Inasmuch as you have failed to put the building in such condition that I could complete the contract within the time and at the price agreed upon, I, of necessity, abrogated it long since, thus leaving it to you to pursue such course as you may desire."

On August 24th the appellant passed a resolution terminating the contract of the respondent; afterwards a new contract was made for $2,120.20 in advance of the respondent's contract to do the same work. That amount is the sum for which this suit was instituted. The suit was commenced on February 4th, 1918, resulting, as stated above, in a judgment for the respondent. We think the judgment of the trial court was justified by the facts and the law.

Finding no error in the record, the judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—The CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.